UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


GREGORY DOTSON                         ]
    Petitioner,                   ]
                                  ]
v.                                     ]          No. 3:14-0523
                                  ]          Judge Campbell
WARDEN CARPENTER                       ]
    Respondent.                   ]


# M E M O R A N D U M


The petitioner, proceeding *pro se*, is an inmate at the West Tennessee State Penitentiary in

Henning, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Wayne Carpenter,

Warden of the Riverbend Maximum Security Institution, seeking a writ of habeas corpus.[1]

On August 26, 2011, the petitioner pled guilty in Davidson County to a charge of vandalism.

For this crime, he received a sentence of six years and one month in prison. Docket Entry No. 1 at

pg. 1. There was no appeal of the conviction taken by the petitioner. *Id.* at pg. 2.

On November 16, 2012, the petitioner filed a *pro se* petition for post-conviction relief in the

Criminal Court of Davidson County. *Id.* at pg. 12. That petition was found to be untimely and was

denied for that reason. *Id.* There was no appeal taken from the denial of post-conviction relief. *Id.*

at pg. 54.

---

[1] At the time this action was filed, the petitioner was an inmate at the Riverbend
Maximum Security Institution in Nashville. He has since been transferred to his present place of
confinement. *See* Docket Entry No. 25.

On January 3, 2014, the petitioner initiated the instant action with the filing of a *pro se* petition (Docket Entry No. 1) for federal habeas corpus relief.[2] Upon preliminary review of the petition, it appeared that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 18) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court is the respondent's Motion to Dismiss (Docket Entry No. 28), to which the petitioner has filed a Reply in Opposition to the Motion to Dismiss (Docket Entry No. 30).

Upon consideration of the petition, respondent's Motion to Dismiss, and the petitioner's Reply in Opposition to the Motion to Dismiss, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

In his Motion to Dismiss, the respondent argues that this action is time-barred. A state prisoner has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[3]

---

[2] The petition is stamped by the Clerk's Office as having been received on January 6, 2014. However, a pleading from a prisoner is considered filed on the date that it was given to prison officials for posting. Houston v. Lack, 487 U.S. 266 (1988). The petitioner avers that the petition was placed in the prison postal system for mailing on January 3, 2014. Docket Entry No. 1 at pg. 74.

[3] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

The petitioner pled guilty on August 26, 2011. He did not seek a direct appeal of the conviction. The time for filing a direct appeal expired thirty (30) days after the petitioner was sentenced, Rule 4(a), Tenn. R. App. P., making his conviction final on September 25, 2011. Therefore, the petitioner had one year from this date, or until September 25, 2012, in which to seek federal habeas corpus relief.

The habeas corpus petition (Docket Entry No. 1) initiating this action was filed on January 3, 2014, well beyond the one year limitation period. It should be noted, however, that the limitation period is tolled during the time that a properly filed application for post-conviction relief is pending in the state courts. 28 U.S.C. § 2244(d)(2). The petitioner filed a post-conviction petition in the state courts on November 16, 2012. Docket Entry No. 1 at pg. 12. The limitation period had already expired. Once the limitation period for a habeas corpus petition has expired, a collateral petition will no longer have a tolling effect on the limitation period. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003). As a consequence, this action is untimely.

In the Reply in Opposition to the Motion to Dismiss, the petitioner avers that he filed timely post-conviction petitions in the state trial court in July and August of 2012. The state court, however, only received a post-conviction petition from the petitioner on November 16, 2012. Docket Entry No. 1 at pg. 12. Consequently, the petitioner did not have a properly filed application for post-conviction relief pending in the state court in either July or August. Of addition note is the fact that the July post-conviction petition was sent to and received by the Tennessee Board of Professional Responsibility. Docket Entry No. 31-1 at pg. 4, suggesting that the petitioner may have been mistaken as to where these petitions were actually sent.

Having carefully reviewed the pleadings and the record, the Court finds that the respondent's

Motion to Dismiss (Docket Entry No. 14) the petition has merit. Therefore, said motion will be granted and this action shall be dismissed. Rule 8(a), Rules - - § 2254 Cases.

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge